IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD

**SHAWN HENRY GIBSON,**

        **Petitioner,**

v.                                    Case No. 1:16-cv-04256

**BARBARA RICKARD, Warden,**
**FCI McDowell,**

        **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATION

On May 9, 2016, Petitioner, an inmate who was then housed at FCI McDowell, in Welch, West Virginia[1], acting *pro se*, filed an Application Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in State or Federal Custody (hereinafter "Petitioner's section 2241 petition") (ECF No. 1).  Petitioner paid the applicable $5.00 filing fee.  This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it has been referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner is currently serving a 120-month term of imprisonment,[2] imposed by the United States District Court for the Middle District of Pennsylvania following his

---

[1] According to the Federal Bureau of Prison's inmate locater, Petitioner has been released to a Residential Reentry Center within the Philadelphia Residential Reentry Office region, with a release date of December 8, 2019.  *See* www.bop.gov/inmateloc
[2] Petitioner was initially sentenced to a term of imprisonment of 180 months.  However, on March 13, 2014, the sentencing court amended the judgment to reflect a term of imprisonment of 120 months.  (ECF No. 9, Ex. 1, Attach. C, Amended Judgment in a Criminal Case).

conviction on one count of carjacking, in violation of 18 U.S.C. § 2119. (*United States v. Gibson*, Case No. 1:11-cr-00092 (M.D. Pa. May 30, 2013), Judgment in a Criminal Case, filed herein as ECF No. 9, Ex. 1, Attach, A). Petitioner has filed the instant petition for a writ of habeas corpus seeking prior custody credit against his federal sentence for the time period he spent in state custody between February 1, 2011 and May 10, 2013. An explanation of the procedural history of Petitioner's state and federal criminal cases will be helpful.

On February 1, 2011, Petitioner was arrested by the Commonwealth of Pennsylvania on charges of Recklessly Endangering Another Person, Burglary, and Aggravated Assault. (ECF No. 9 at 2). At the time of his arrest, Petitioner was on parole from a previous Pennsylvania offense.

Although not specified in Respondent's Response, according to his federal criminal docket sheet, on March 16, 2011, Petitioner was indicted by a grand jury in the United States District Court for the Middle District of Pennsylvania on one count of Using or Carrying a Firearm During or in Relation to a Drug Trafficking Crime and Crime of Violence, in violation of 18 U.S.C. § 924(c) (Count One); Conspiracy to Distribute and Possess with Intent to Distribute at least 28 Grams of Cocaine Base, in violation of 21 U.S.C. § 846 (Count Two); and Carjacking, in violation of 18 U.S.C. § 2119 (Count Three). As noted by Respondent, on March 23, 2011, Petitioner was borrowed by federal authorities on a writ of habeas corpus *ad prosequendum* to answer to his federal charges. He was returned to state custody that same day.

On March 31, 2011, the Commonwealth of Pennsylvania charged Petitioner with a parole violation based upon his February 1, 2011 arrest. (*Id.* at 2 and Ex. 1).

According to his federal criminal docket sheet, on October 24, 2011, Petitioner was again borrowed by federal authorities on a writ of habeas corpus *ad prosequendum* for a guilty plea hearing, during which he pled guilty to the carjacking charge in Count Three of his indictment. It appears that he was returned to state custody that same day.

On May 10, 2013, Petitioner was again borrowed by federal authorities on a writ of habeas corpus *ad prosequendum* and was sentenced to a term of imprisonment of 180 months by the United States District Court for the Middle District of Pennsylvania on the carjacking charge. (*Id.* at 2 and Ex. 1, Attach. B). Petitioner was returned to state custody that same day. (*Id.* at 2 and Ex. 1, Attach. A). However, the Federal Bureau of Prisons ("BOP") granted a *nunc pro tunc* designation, designating Petitioner's state facility for service of his federal sentence. Thus, his federal sentence commenced on May 10, 2013.

On July 3, 2013, Petitioner was sentenced by the Commonwealth of Pennsylvania to a term of two years and three months for the parole violation. (*Id.* at 2 and Ex. 1, Attach. D, DOC Sentence Summary). On September 3, 2014, Petitioner completed his state sentence and was taken into federal custody to serve the remainder of his federal sentence. The BOP prepared a sentence computation for Petitioner's 120-month sentence, commencing on May 10, 2013. Petitioner was granted 778 days of prior custody credit for the time period between March 24, 2011, the day after he was first borrowed by federal authorities to answer his federal charges, and May 9, 2013, the day prior to the commencement of his federal sentence, because the Commonwealth of Pennsylvania did not credit that time to Petitioner's state sentence. (ECF No. 9 at 3). According to Respondent's Response, Defendant's projected release date, with consideration of good conduct time, is December 8, 2019. (*Id.*)

Petitioner filed the instant section 2241 petition seeking credit against his federal sentence for the time between February 1, 2011, when he was initially arrested by state officials, and May 10, 2013, when his federal sentence commenced. On March 29, 2017, the undersigned issued an Order to Show Cause (ECF No. 4) directing Respondent to file a response to Petitioner's section 2241 petition. On April 21, 2017, Respondent filed a Response to Order to Show Cause asserting that Petitioner's sentence was correctly calculated and that he is not entitled to any further credit. (ECF No. 9). Petitioner did not file a reply.

## **ANALYSIS**

Following the imposition of a sentence by a federal court, the BOP is charged with calculating and administering the offender's sentence, including the application of prior custody credit and good conduct time. *United States v. Wilson*, 503 U.S. 329, 334-335 (1992); 18 U.S.C. § 3621(a). The statutory basis for the commencement of a federal sentence is found in 18 U.S.C. § 3585(a), which provides that "<u>a sentence to a term of imprisonment commences on the date the defendant is received in custody</u> awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." (Emphasis added). (ECF No. 9 at 3-4).

Furthermore, section 3585(b) of Title 18 prohibits a defendant from receiving double credit for detention time. Thus, prior custody credit generally cannot be granted if the prisoner has received credit toward another sentence. *See United States v. Wilson*, 503 U.S. 329, 337 (1992); *United States v. Brown*, 977 F.2d 574 (4th Cir. 1992) (defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence);

*United States v. Goulden*, 54 F.3d 774 (4th Cir. 1995) (credit is only available for time spent in custody which has not been credited against another sentence). (ECF No. 9 at 6). Therefore, a prisoner normally cannot receive credit toward his federal sentence for the time credited to his state sentence.

Where a defendant has both state and federal sentences, the order in which the sentences are served is governed by the principle of primary jurisdiction, which is best explained in *United States v. Smith*:

> In the context of successive criminal prosecutions by different sovereignties this "chief rule which preserves our two systems of courts from actual conflict of jurisdiction" means that the sovereignty which first arrests the individual acquires the right to prior and exclusive jurisdiction over him, . . . and this plenary jurisdiction is not exhausted until there has been complete compliance with the terms of, and service of any sentence imposed by, the judgment of conviction entered against the individual by the courts of that first sovereignty . . . .

812 F. Supp. 368, 371 (E.D.N.Y. 1993) (quoting *In re Liberatore*, 574 F.2d 78 (2d Cir. 1978)).

Primary jurisdiction remains vested in a sovereign until that sovereign relinquishes its primary jurisdiction through dismissal of charges, bail release, parole release, or satisfaction of sentence. *See Chambers v. Holland*, 920 F. Supp. 618, 622 (M.D. Pa. 1996) ("Primary jurisdiction remains vested in the state which first arrested the defendant until that jurisdiction relinquishes its priority by, e.g., bail release, dismissal of the state charges, parole release, or expiration of sentence."); *Carter v. Felts*, No. 5:05-cv-00708, 2008 WL 3457032 \* 6 (S.D. W. Va. Aug. 11, 2008) ("When a federal court imposes sentence upon a defendant already in State custody . . . the principles of comity and primary jurisdiction dictate that the federal sentence does not commence until the State relinquishes its jurisdiction.") (internal citations omitted); *Rose v. Williams*, No.

5

3:16cv31, 2016 WL 8115663 *5 (N.D. W. Va. Dec. 28, 2016). Furthermore, "borrowing" a prisoner on a writ of habeas corpus *ad prosequendum* does not alter primary jurisdiction. *See Thomas v. Whalen*, 962 F.2d 358, 361 (4th Cir. 1992) (a prisoner is not in custody when he appears in court pursuant to a writ *ad prosequendum*; he is merely on loan); *Restituyo-Garcia v. Coakley*, No. 5:16-cv-07323, 2017 WL 764867 *3 (S.D. W. Va. Jan. 31, 2017).

Petitioner seeks credit for a time period that pre-dates the imposition of his federal sentence. In particular, he seeks credit for the period between February 1, 2011, when he was initially arrested by state authorities, and May 10, 2013, when his federal sentence was imposed. The Commonwealth of Pennsylvania had primary jurisdiction over Petitioner's custody because he was initially arrested by state authorities.[3] Such custody was not relinquished during the time he was on loan to federal authorities.

However, the BOP granted Petitioner a *nunc pro tunc* designation and designated the state facility where he was serving his state sentence as the facility where he could also begin serving his federal sentence. Thus, Petitioner's federal sentence commenced on May 10, 2013, the date it was imposed, despite the fact that he was in the primary custody of the Commonwealth of Pennsylvania at that time.

The time period between February 1, 2011, when Petitioner was arrested by state authorities, and March 23, 2011, when he was borrowed by federal authorities to answer to his federal charges, was credited against his state sentence. Furthermore, the time between March 24, 2011 and May 9, 2013 was already credited to Petitioner's federal sentence. Accordingly, there is no basis for any additional credit to his federal sentence.

---

[3] Petitioner appears to mistakenly believe that he was arrested by federal authorities on February 1, 2011. (*See* ECF No. 2 at 5, ¶ 6).

Petitioner bears the burden of demonstrating that he is in custody in violation of the Constitution or laws of the United States and he has not met that burden herein. *See* 28 U.S.C. § 2241(c)(3). Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner has received the proper prior custody credit and that his sentences have been properly executed. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's section 2241 petition (ECF No. 1) and dismiss this civil action from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendation" is hereby filed, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (making of objections), and then three days (service/mailing), from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties and Judge Faber.

The Clerk is directed to file this "Proposed Findings and Recommendation," to transmit a copy to counsel of record, and to mail a copy of the same to Petitioner at the following address: **Shawn Henry Gibson, Register #69891-067, C/O RRM Philadelphia, Residential Reentry Office, 2nd & Chestnut St – 7th Floor, Philadelphia, PA 19106.**

April 23, 2019

Dwane L. Tinsley
United States Magistrate Judge